## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| 425 Third Street SW, Suite 800 | ) | |
| Washington, DC 20024, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| 950 Pennsylvania Avenue NW | ) | |
| Washington, DC 20530, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of

Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552.  As grounds

therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.      Plaintiff Judicial Watch, Inc. is a non-profit, educational foundation organized

under the laws of the District of Columbia and having its principal place of business at 425 Third

Street, S.W., Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency,

accountability, and integrity in government and fidelity to the rule of law.  As part of its mission,

Plaintiff regularly requests records from federal agencies, analyzes the responses it receives, and

disseminates its findings to the American public to inform them about "what their government is up to."

4.      Defendant U.S. Department of Justice is an agency of the U.S. Government and is headquartered at 950 Pennsylvania Avenue, N.W., Washington, DC 20530.  Defendant has possession, custody, and control of public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      On February 10, 2021, Plaintiff submitted a FOIA request to the Federal Bureau of Investigation ("FBI"), a component of Defendant, seeking access to the following public records:

> All records of communication between the FBI and any financial institution, including but not limited to Bank of America, Citibank, Chase Manhattan Bank, Discover, and/or American Express, in which the FBI sought transaction data for those financial institutions' debit and credit card account holders who made purchases in Washington, DC, Maryland and/or Virginia on January 5, 2021 and/or January 6, 2021.

The request was served via the FBI's FOIA web portal, efoia.fbi.gov.

6.      The FBI acknowledged receipt of the request by letter dated February 19, 2021 and advised Plaintiff that the request had been assigned FOIA tracking number 1489698-000. By separate letter also dated February 19, 2021, the FBI asserted that it was invoking FOIA's 10-day extension of time provision due to "unusual circumstances."

7.      As of the date of this Complaint, the FBI has failed to: (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

8.      Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

9.      Defendant is in violation of FOIA.

10.     Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

11.     Plaintiff has no adequate remedy at law.

12.     To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request by April 2, 2021 at the latest. Because Defendant failed to make a final determination on Plaintiff's request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  May 4, 2021                          Respectfully submitted,

                                             /s/ Paul J. Orfanedes
                                             Paul J. Orfanedes
                                             DC Bar No. 429716
                                             JUDICIAL WATCH, INC.
                                             425 Third Street SW, Suite 800
                                             Washington, DC 20024
                                             (202) 646-5172

                                             *Counsel for Plaintiff*